Ms. Pamela S. Terranova Attorney for the Greenacres Code Enforcement Board 5985 Tenth Avenue North Greenacres, Florida 33463-2399
Code enforcement board, fines for noncompliance
Dear Ms. Terranova:
You ask substantially the following question:
May a municipal code enforcement board, at its hearing to determine non-compliance, establish a specified deadline for compliance and the exact amount of the fine to be automatically imposed if compliance is not attained by the specified date?
In sum:
While a municipal code enforcement board, at its hearing to determine non-compliance, may establish a specified deadline for compliance and notify the violator of the amount of the fine that may be imposed for non-compliance, a second order of the board is required to impose the fine.
Chapter 162, Florida Statutes, the Local Government Code Enforcement Boards Act, grants counties and municipalities the option of creating administrative boards for the purpose of providing "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities. . . ."[1] This office has previously stated that if a municipality utilizes the enforcement mechanism and procedures provided in Chapter 162, it must accept the prescribed enforcement procedures set forth in the act.[2] A municipality, therefore, derives no delegated authority from Chapter 162 to enforce its codes in any manner other than as provided in that chapter.
Under the act, it is the duty of the code inspector to initiate enforcement proceedings of the various codes. If a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation. If the violation is not corrected within the time set by the code inspector, the inspector shall notify the code enforcement board and request a hearing.[3]
Section 162.07, Florida Statutes, prescribes the procedures for the conduct of the hearing. At the conclusion of the hearing, the code enforcement board "shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with powers granted [therein]."[4] The order
"may include a notice that it must be complied with by a specified date and that a fine may be imposed and, under the conditions specified in s. 162.09(1), the cost of repairs may be included along with the fine if the order is not complied with by said date. . . ."[5]
Section 162.09, Florida Statutes, authorizes the imposition of administrative fines for code violations, stating in part:
"An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that a repeat violation has been committed, may order the violator to pay a fine in an amount specified in this section for each day the violation continues past the date set by the enforcement board for compliance or, in the case of a repeat violation, for each day the repeat violation continues, beginning with the date the repeat violation is found to have occurred by the code inspector. . . . If a finding of aviolation or a repeat violation has been made as provided in thispart, a hearing shall not be necessary for issuance of the orderimposing the fine. If, after due notice and hearing, a code enforcement board finds a violation to be irreparable or irreversible in nature, it may order the violator to pay a fine as specified in paragraph (2)(a)."[6] (e.s.)
Thus, if the code enforcement board is notified by the code inspector that its order has not been complied with or that the same violation has been repeated by the same violator, the board may order the violator to pay a fine up to the limits prescribed by statute. The statute, however, contemplates that two separate orders be entered by the board. The first order is based on the board's findings of fact and may include a notice that if the order is not complied with by a specified date, a fine may be imposed. The second order is issued after the code inspector informs the board that the order has not been complied with or the violation has been repeated, and imposes the fine. If the procedures of the statute have been followed, however, the board is not required to hold a hearing before issuing the second order, which may impose a fine for each day the violation continues past the date set by the board for compliance or, in the case of a repeat violation, for each day the repeat violation is found to have occurred.[7]
Accordingly, I am of the opinion that while a municipal code enforcement board, at its hearing to determine non-compliance, may establish a specified deadline for compliance and notify the violator of the amount of the fine that may be imposed for non-compliance, a second order of the board is required to impose the fine.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, ss. 162.02 and 162.03, Fla. Stat.
[2] See, e.g., Ops. Att'y Gen. Fla. 86-10 (1986) and 86-76 (1986).
[3] Section 162.06(2), Fla. Stat. (1996 Supp.). Subsection (3) and (4) of s. 162.06, Fla. Stat. (1996 Supp.), respectively provide procedures for repeat violations and for violations presenting a serious threat to the public health, safety, and welfare or where the violation is irreparable or irreversible.
[4] Section 162.07(4), Fla. Stat.
[5] Id.
[6] Section 162.09(2)(a), Fla. Stat., provides that a fine imposed under the section "shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation, and, in addition, may include all costs of repairs pursuant to subsection (1). However, if a code enforcement board finds the violation to be irreparable or irreversible in nature, it may impose a fine not to exceed $5,000 per violation." Subsection (2)(b) of the statute sets forth the factors to be considered by the board in determining the amount of the fine.
[7] See, Op. Att'y Gen. Fla. 86-76 (1986), which concluded that a code enforcement board may not set fine at the time of initial compliance order entered. While the language of s. 162.09, Fla. Stat., has been amended since that opinion, similar language is currently contained in the present statute.